In re The White Star Bus Line, Inc., Etc. Jaime Ortiz,
Alejandro Salgado and Juan González, et als., Etc.,
Appellants.

No. 7770   Argued February 6, 1939.—Decided February 7, 1939.

*Dexter & Dexter* for appellants.  *T. Torres Pérez* for the Public
Service Commission.  *C. Iriarte, F. Fernández Cuyar* and *H. Gon-
zález Blanes* for the White Star Bus Line, Inc.

Mr. Justice Wolf delivered the opinion of the Court.

We have before us a motion of the appellants which reads
as follows:

"Motion of appellants in the alternative to annul the judgment
of this Court for want of jurisdiction over the appeal from the district
court, to permit the filing of the record of the proceedings and judg-
ment in the court below, and to set the case for hearing; or if this
motion is denied to entertain and grant the accompaying petition
for appeal to the United States Circuit Court of Appeals."

We are considering the said motion but the appellants
have also filed a "Petition for Appeal" dated February 2,
1939.

The motion recites that on May 20, 1938, appellants pre-
sented to the district court their petition for appeal from
its judgment, that on June 1, 1938, the district court at the

instance of appellants made an order for the officers of the court to prepare the record on appeal; that on May 21, 1938, the White Star Bus Line, Inc., intervenor, filed its motion in the Supreme Court for a dismissal of the appeal; that "this motion was set for and heard on the 6th of June 1938, at which date there was not before it (the Supreme Court of Puerto Rico) the record from the district court containing the judgment and the other papers and proceedings necessary to disclose the issues and the matter in the case as they were presented in said court by the appeal taken by appellants from the order of January 4, 1938, of the Public Service Commission, and which were necessary to give the Supreme Court jurisdiction of the appeal"; that "notwithstanding the absence of any record before the Supreme Court, it heard the motion to dismiss the appeal on June 6, 1938, and on July 5, 1938, denied the motion and set the case for hearing on July 11, 1938"; that "the Supreme Court had acquired absolutely no jurisdiction over the appeal and that its proceedings and judgment do not constitute due process of law are apparent from its own decisions."

To a large extent, if not entirely, the motion of the appellants is based on the fact that this Court did not acquire jurisdiction of the appeal. The motion goes on to recite that within the time required by the Supreme Court rules, the appellant filed a motion for rehearing and that the Supreme Court being in vacation at the time of the filing of this motion, the acting judge made an order that the same should be submitted to the full court when they convened at the next term in November; that when the Court convened, the motion for rehearing was considered and denied by the Court on November 10, 1938.

There can be no question that, as we apprehend, the Supreme Court of Puerto Rico acquired jurisdiction over this case by reason of the appeal taken by the appellants on May 19 or 20, as the case may be. (Apparently, in one of our opinions or orders it was recited that the appeal was taken

on May 19, but the fact was that it was taken on May 20.) Of course, an appellate court may not proceed to hear a case without having a judgment roll or other proceedings of the lower court before it. However, after an appeal, the judgment roll may be substituted at the election of the parties by an agreed statement of facts or in other ways. In the present appeal there was no judgment roll presented by copies nor was there an agreed statement of facts. What happened was that this Court had before it, by the agreement of the parties, the original records of the District Court of San Juan, consisting, among other things, of the judgment and proceedings taken before the Public Service Commission.

These papers were brought up to us by the secretary of the district court who was brought as a witness by one or other of the parties and who turned the records over to the clerk of this Court. All this with the understanding of the parties on both sides. So that while this Court, it is true, did not have a judgment roll made up of copies of the proceedings in the lower court, it had the judgment roll itself. Both parties relied on the original papers and when the motion of August 4 was denied on November 10, 1938, the said original papers were, on November 14, 1938, returned to the District Court of San Juan.

We may here interpose that contemporaneously with the motion to dismiss we heard a motion of the appellants asking for an injunction to make effective the jurisdiction of this Court. The idea was to leave the proceedings in *statu quo* as they had been left by the original order of Judge Llauger restraining the Public Service Commission from carrying into effect one or more of its orders. The motion to dismiss and the hearing on the petition for an injunction were both heard on the same day, namely, June 6, 1938. This sufficiently appears from the opinion of this Court rendered on July 5, 1938, wherein the title of the case shows that we were hearing both, Case No. 7770 and Case No. 19. No. 7770

was a civil appeal and No. 19 was an injunction case of original jurisdiction in aid of the appeal.

In a brief of the appellants, filed on June 13, 1938, reference is made to the record before this Court, both on page 1 and on page 2. On page 18 the appellants refer to a writing which they filed in opposition to the dismissal of the appeal, saying that "in said opposition we cited literal statements to be found *in the records which are now under the consideration of this Court."* Furthermore, in a motion asking for time to file the brief on the appeal, which motion was filed on July 11, 1938, the appellants expressly say in the first paragraph of said motion the following:

"Que en el presente caso llevaron ante esta Hon. Corte los autos de este pleito (sic) para discutirse el Injunction Núm. 19, entre las mismas partes, para hacer efectiva la jurisdicción."

In the fifth paragraph of that same motion the appellants also expressly state, for whatever force this may have, that they are anxious to have the case decided and are not interested in seeking a postponement of the hearing.

In addition to these statements from the records in case No. 7770, at the hearing before us on the 6th day of February, we heard the testimony of the secretary of the District Court of San Juan and of the secretary of this Court. Therefrom it fully appears that the original records of the District Court in the appeal before us were left in our possession by the secretary of the District Court of San Juan and stayed in our possession until the 14th day of November, 1938, when they were returned to the District Court of San Juan. By the order of this Court of Februray 4, 1939, the same original records were returned to this Court, were identified both by the secretary of the District Court and the secretary of the Supreme Court and are again here.

However this may be there can be no question that the original papers constituting the complete record in the court below were before this Court at the time it rendered its

decision covering cases Nos. 7770 and 19. These papers included the opinion of Judge Romaní to which we carefully referred in our opinion of July 26, 1938.

The motion to annul our judgment of July 26, 1938, will be denied.